UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA

v.  Case No. 21-mj-818

KEVIN ALAN AGUILAR-MORENO

AFFIDAVIT OF JARED R. DRENGSON

I, Jared R. Drengson being first duly sworn under oath, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent (SA) with the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have been so employed since September 2007. Prior to working with HSI, I was employed as a correctional officer in the state of North Dakota for approximately four years and as Customs and Border Protection Officer for six months. During my career, I have conducted and participated in several agency and joint inter-agency investigations involving unlawful importation and the distribution of controlled substances, fraud and identity theft violations, export violations, financial crimes, alien smuggling and human trafficking violations, child pornography, and various immigration violations. During these investigations, I have conducted physical surveillance, executed arrest and search warrants, reviewed tape-recorded conversations, and personally interviewed numerous sources of information as well as confidential sources.

2. This affidavit is based on my training, experience, personal knowledge, and observations during the course of this investigation; upon my discussions with other law

enforcement officers and agents directly involved in this investigation; and, upon my review of official reports submitted in relation to this investigation. The facts in this affidavit are intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of law enforcement's knowledge about this matter.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (possession with intent to distribute methamphetamine) and 18 U.S.C. § 922(g)(5)(A) (possession of a firearm by a person illegally or unlawfully in the United States) have been committed by Kevin Alan AGUILAR-Moreno.

## PROBABLE CAUSE

4. On or about October 29, 2021, Kevin Alan AGUILAR-Moreno, an illegal alien in the United States, did knowingly and unlawfully possess firearms and controlled substances that were discovered in his checked luggage at the Minneapolis International Airport, all in violation of Title 18, United States Code, Section 922(g)(5), and Title 21, U.S.C. Sections 841(a)(1) and (b)(1)(B).

5. On or about October 29, 2021, AGUILAR-Moreno attempted to board Delta Airlines flight 1213 from Minneapolis, Minnesota to Phoenix, Arizona checking two suitcases prior to boarding. Transportation Security Administration (TSA) screening determined that AGUILAR-Moreno's luggage contained two handguns, an AR-15 style firearm with no serial number, 241 rounds of .223 ammunition (39 of these rounds being green tip armor piercing), and approximately one kilogram of methamphetamine. The

suspected methamphetamine was later field-tested and found to be positive for the presence of methamphetamine.

6. Special Agent Cory Shelton, a firearms Interstate Nexus Expert, for the Bureau of Alcohol, Tobacco, Firearms & Explosives, examined photographs of the three firearms seized from AGUILAR-Moreno. Based on the pictures and information provided to Special Agent Shelton, at least two of the firearms were manufactured outside the state of Minnesota. The firearms are more fully described as the following:

    a) a FN, Model 509 9x19 pistol, bearing serial number GKS0142562;
    b) a Rock Island Armory, 1911 A1-FS pistol, bearing serial number RIA1981231; and
    c) an AR-15 type firearm, bearing no serial number.

7. Special Agent Shelton has advised your affiant that both the FN Model 509 9x19 pistol, bearing serial number GKS0142562, and the Rock Island Armory 1911 A1-FS pistol, bearing serial number RIA1981231, seized from the luggage of AGUILAR-Moreno, were manufactured outside the State of Minnesota and affected "interstate or foreign commerce" as that term is defined in 18 U.S.C. § 921(a)(2). Special Agent Shelton further advised your affiant that the AR-15 type firearm, bearing no serial number, seized from the luggage of AGUILAR-Moreno, appears to be a privately made firearm (PMF). A PMF constitutes a firearm as defined by federal law, but does not have the marking requirements that commercially manufactured firearms do.

8. A query of law enforcement data bases revealed AGUILAR-Moreno was present in the United States without being lawfully admitted. Additionally, at the time of

his detention, AGUILAR-Moreno was in possession of two Mexican passports, one valid and one expired.

9. During a post-arrest statement following Miranda advisements, AGUILAR-Moreno admitted to law enforcement that he was in possession of the firearms, ammunition, and methamphetamine found in his luggage. AGUILAR-Moreno further admitted to law enforcement that he was present in the United States illegally.

10. Based on the foregoing, your affiant respectfully submits there is probable cause to believe that on or about October 29, 2021, AGUILAR-Moreno knowingly and unlawfully possessed with intent to distribute more than 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and knowingly and unlawfully possessed a firearm in violation of 18 U.S.C. § 922(g)(5)(A).

Further your affiant sayeth not.

_____
JARED R. DRENGSON Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN to before me
by reliable electronic means via FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3),
this __1__ day of November, 2021.

_____
HONORABLE BECKY R. THORSON
United States Magistrate Judge