UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 21-mj-818 (BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KEVIN ALAN AGUILAR-MORENO,<br><br>　　　　　Defendant. | **FINDING OF PROBABLE CAUSE AND ORDER OF DETENTION** |

　　　This matter came before the Court for a preliminary hearing and a hearing on the motion of the United States for an Order of Detention as to the Defendant Kevin Alan Aguilar-Moreno. The Defendant appeared in custody and was represented by his attorney, Lisa M. Lopez, Esq. The United States was represented by Assistant U.S. Attorney Andrew Dunne. The hearing was held via video teleconference ("VTC") due to the COVID-19 pandemic. The Defendant was informed of his right to an in-person hearing and consented to the hearing proceeding by VTC.

　　　The Defendant is charged by criminal complaint with (Count 1) possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and (Count 2) possession of firearms by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(A). The United States moved for detention at the Defendant's initial appearance on November 2, 2021, where the Defendant was advised of his constitutional rights and afforded opportunity to consult with his appointed counsel. *See* Fed. R. Crim. P. 5(d).

At the hearing, the United States presented the testimony of Homeland Security Investigations (HSI) Special Agent Jared R. Drengson. The Defendant did not call any witnesses. The Court also had before it the bond report and addendum prepared by the United States Probation and Pretrial Services Office which recommended that the Defendant be detained pending trial. Counsel for both parties stood on the record related to probable cause and presented arguments concerning detention.

After consideration of the Pretrial Services bond report, the testimony of Special Agent Drengson, the record before the Court, the evidence adduced, the arguments of counsel, the serious nature of the current charges, and the factors listed in 18 U.S.C. § 3142(g), the Court finds probable cause to support the charges in the criminal complaint and orders the Defendant be bound over for further proceedings by a United States Grand Jury. *See* Fed. R. Crim. P. 5.1(e). The Court further finds that although the Defendant presented credible evidence to rebut the presumption of detention, the United States met its burden to show: (a) by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required at future court proceedings, and (b) by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. Accordingly, the Court grants the United States' motion for detention.

## FINDINGS OF FACT

1. On November 1, 2021, the Defendant was charged in a criminal complaint with (Count 1) possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C.

2

§§ 841(a)(1) and 841(b)(1)(B) and (Count 2) possession of firearms by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(A). The charges in Count 1 of the criminal complaint carry a statutory five-year mandatory minimum sentence with a twenty-year maximum sentence under 21 U.S.C. § 841(b)(1)(B). According to the criminal complaint, the methamphetamine and firearms were seized from the Defendant's checked luggage when he attempted to board a commercial flight to Arizona.

2. The testimony of Special Agent Drengson and record before the Court supports the conclusion that there is probable cause to believe the Defendant committed the crimes charged in the criminal complaint.

3. The Defendant had in his checked luggage three firearms, including an AR-15 type rifle with no serial number. According to the testimony of Special Agent Drengson, this firearm was a privately manufactured firearm (PMF) with no markings that are able to be traced by law enforcement. In addition, there were more than 200 rounds of ammunition, including armor piercing rounds, in the Defendant's checked luggage.

4. The Defendant is present in the United States illegally. The evidence establishes that the Defendant entered the United States without legal permission in December 2020. At the time of his arrest, he had two Mexican passports and a Mexican driver's license in his possession. While the Defendant has strong family ties to Mexico, he does not have sufficient connections to the United States that were verifiable by Pretrial Services.

## CONCLUSIONS OF LAW

Based upon the foregoing, the Court makes the following conclusions of law:

1. There is probable cause to believe that the Defendant committed the crimes charged in the complaint and is bound over for further proceedings by a United States Grand Jury.

2. Because the Defendant is charged with an offense under the Controlled Substances Act which has a maximum term of imprisonment of 10 years or more, a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the Defendant's future appearance in court and the safety of the community is created. *See* 18 U.S.C. § 3142(e)(3).

3. Based on the bond report prepared by Pretrial Services, the arguments of counsel, the serious nature of the pending charges, and considering the factors outlined in 18 U.S.C. § 3142(g), no condition or combination of conditions will reasonably assure the Defendant's appearance as required for future proceedings, or the safety of the community should he be released pending trial.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention is **GRANTED**;

2. The Defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The Defendant shall be afforded reasonable opportunity to consult privately with counsel; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the Defendant is confined shall deliver the

Defendant to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated:   November 9, 2021.

*s/ Elizabeth Cowan Wright*
Hon. Elizabeth Cowan Wright
United States Magistrate Judge
